IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CR-114-D-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| TASHAWN QWANTREAL THORNE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Nash County Sheriff's Office. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a four-count indictment on 14 April 2015 with: conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (*i.e.* crack) beginning in or about March 2010 and continuing up to on or about 6 February 2015 in violation of 21 U.S.C. § 846 (ct. 1); and distribution of a quantity of crack on or about 13 December 2013, 3 February 2015, and 6 February 2015 in violation of 21 U.S.C. §841(a)(1) (cts. 2-4). The

evidence presented at the hearing showed that the charges arise from defendant's distribution of crack beginning as early as 2009 according to a confidential informant. Defendant's activities included travel to Atlanta to obtain cocaine for distribution. Defendant engaged in three video-taped controlled purchases of crack from a confidential informant on the respective dates alleged in counts 2 to 4. The initial purchase involved 22.58 grams of crack and each of the other two purchases .33 grams. In each transaction, the confidential informant saw crack in defendant's possession in addition to the coke she was purchasing. The last two transactions occurred at an automobile detailing business owned by defendant's mother.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the duration of the conspiracy, the recency of the last two controlled purchases, commission of the first controlled purchase less than four months after completion of a three-year prison term, and the potential sentence defendant faces if convicted; defendant's criminal record, including eight felony convictions (three for drug felonies and two for assault with a deadly weapon inflicting serious injury), three misdemeanor convictions, revocation of probation in two cases (in 2003), one revocation of post-release supervision (in 2014), commission of seven offenses while on probation or pretrial release, and continuation of criminal conduct despite service of five separate periods of incarceration totaling over six years

since 2003; the unsuitability of the proposed third-party custodial arrangement due to the presence of a minor (a three-year-old) in the proposed custodial home, defendant's use of the proposed custodian's business for drug trafficking (indicating, *e.g.*, lack of respect for her), and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of April 2015.

James E. Gates
United States Magistrate Judge