IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-114-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TASHAWN QWANTREAL THORNE, | ) | |
| Defendant. | ) | |

On June 30, 2020, Tashawn Qwantreal Thorne ("Thorne" or "defendant") moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 105]. On July 15, 2020, the Federal Public Defender moved to withdraw as counsel [D.E. 109]. On July 20, 2020, the court granted the motion to withdraw [D.E. 110]. As explained below, the court denies Thorne's motion.

On August 3, 2015, pursuant to a written plea agreement, Thorne pleaded guilty to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [D.E. 26, 27, 64]. On March 22, 2016, the court held Thorne's sentencing hearing and calculated Thorne's advisory guideline range to be 188 to 235 months's imprisonment. See [D.E. 49, 51, 52]; Sentencing Tr. [D.E. 65] 5. After considering all relevant factors under section 3553(a) and granting the government's downward departure motion, the court sentenced Thorne to 156 months' imprisonment. See Sentencing Tr. at 18–25. Thorne appealed. On August 4, 2016, the United States Court of Appeals for the Fourth Circuit granted Thorne's motion to voluntarily dismiss his appeal and dismissed Thorne's appeal [D.E. 68].

Thorne received the benefit of Amendment 782 at sentencing. See PSR [D.E. 42] ¶¶ 48–58. Thus, the court denies Thorne's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782.

Alternatively, even if eligible for relief, the court declines to reduce Thorne's sentence. The court has completely reviewed the entire record, Thorne's arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018). As for Thorne's offense conduct, Thorne engaged in serious criminal behavior and was responsible for 90.81 grams of cocaine base (crack). See PSR at ¶ 6. Moreover, Thorne is a violent recidivist and has convictions for larceny, breaking or entering, larceny from the person (two counts), selling cocaine, possession with intent to sell and deliver cocaine, possession of drug paraphernalia, possession of cocaine, assault with a deadly weapon inflicting serious injury (two counts), and conspiracy to commit assault with a deadly weapon. See id. at ¶¶ 12–23. Thorne also has performed poorly on supervision and has little work history. See id. at ¶¶ 13–14, 20, 22, 39–44. In light of Thorne's serious criminal conduct, violent criminal record, poor performance on supervision, the need to promote respect for the law, and the need to incapacitate Thorne, the court declines to reduce Thorne's sentence. See, e.g., Chavez-Mesa, 138 S. Ct. at 1966–68; 18 U.S.C. § 3553(a).

In reaching this decision, the court has considered the entire record, Thorne's arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce Thorne's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

In sum, the court DENIES Thorne's motion for reduction of sentence [D.E. 105].

2

SO ORDERED. This 18 day of August 2020.

                                                     JAMES C. DEVER III
                                                   United States District Judge

3