IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-114-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| TASHAWN QWANTREAL THORNE, | ) |
| | ) |
| Defendant. | ) |

On March 8, 2021, Tashawn Qwantreal Thorne ("Thorne" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 113]. On April 23, 2021, through counsel, Thorne filed a memorandum and documents in support [D.E. 117, 118]. On April 30, 2021, the government responded in opposition [D.E. 121]. As explained below, the court denies Thorne's motion.

I.

On August 3, 2015, with a written plea agreement, Thorne pleaded guilty to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (crack). See [D.E. 26, 27]. On March 22, 2016, the court held Thorne's sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 42, 49]; Sent. Tr. [D.E. 65] 4. The court determined Thorne's total offense category to be 31, his criminal history category to be VI, and his advisory guideline range to be 188 to 235 months' imprisonment. See Sent. Tr. [D.E. 65] 5. After granting the government's downward departure motion and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Thorne to 156 months' imprisonment. See

Sent. Tr. [D.E. 65] 7, 18–23. Thorne appealed. See [D.E. 55]. On August 4, 2016, the United States Court of Appeals for the Fourth Circuit dismissed Thorne's appeal. See [D.E. 68].

On July 3, 2018, Thorne moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 81]. On October 10, 2018, the government moved to dismiss Thorne's motion. See [D.E. 85]. On July 1, 2019, the court granted the government's motion to dismiss, dismissed Thorne's section 2255 motion, and denied a certificate of appealability. See [D.E. 97]. Thorne did not appeal.

On June 30, 2020, Thorne moved for a sentence reduction. See [D.E. 105]. On August 19, 2020, the court denied Thorne's motion for a sentence reduction. See [D.E. 111]. Thorne did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United

2

States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.  Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. §

---

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

3582(c)(1)(A). See, e.g., United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 2021 WL 1823289, at *3; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Thorne contends that he requested compassionate release from the warden, which the warden denied on January 7, 2021. See [D.E. 116-2]; [D.E. 117] 3. The government has invoked section 3582's exhaustion requirement. See [D.E. 121] 19; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] The court assumes without deciding that Thorne exhausted his administrative remedies and addresses Thorne's claim on the merits.

Thorne seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Thorne cites the COVID-19 pandemic, his age (38), his race, and his medical conditions,

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

including chronic kidney disease, hypertension, obesity, and mental health issues including a suicide attempt. See [D.E. 113] 1–3; [D.E. 117] 1, 4–6; [D.E. 118]. Thorne also cites the conditions at USP Thomson, his rehabilitation efforts, that he has served more than six years of his sentence, and his release plan. See [D.E. 113] 1–3; [D.E. 117] 7.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Thorne states that he has chronic kidney disease, hypertension, obesity, and mental health issues including a suicide attempt, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Thorne serves his sentence. Accordingly, reducing Thorne's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Thorne's age, his race, his medical conditions, his rehabilitation efforts, that he has served over six years of his sentence, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Thorne's sentence. See High, 2021 WL 1823289, at *4–7; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Thorne is 38 years old and engaged in serious criminal conduct between 2010 and 2015. See PSR ¶¶ 5–7. Thorne was a member of a drug trafficking conspiracy distributing cocaine base

6

(crack) in Nash County, North Carolina. See id. Thorne was ultimately accountable for 90.81 grams of cocaine base (crack). See id. ¶ 6. Thorne also is a violent recidivist with convictions for larceny, breaking or entering, larceny from the person (two counts), selling cocaine, possession with intent to sell and deliver cocaine, possession of drug paraphernalia, possession of cocaine, assault with a deadly weapon inflicting serious injury (two counts), and conspiracy to commit assault with a deadly weapon. See id. ¶¶ 12–22. Thorne also has performed poorly on supervision and while in custody. See id. ¶¶ 13–14, 20, 22. Although Thorne has taken some positive steps while incarcerated on his federal sentence, his disciplinary record is appalling. Thorne has 39 infractions, including for destroy property $100 or less (three counts), engaging in sexual acts (21 counts), assaulting without serious injury (two counts), tattooing or self-mutilation, disruptive conduct, refusing to obey an order (two counts), malingering, feigning illness, making sexual proposal/threat, interfering with security devices, being insolent to staff member, possessing a dangerous weapon (three counts), possessing drugs/alcohol (two counts), and possessing an unauthorized item. See [D.E. 113] 2–3; [D.E. 117] 7; [D.E. 121-2] 4–5; [D.E. 121-2] 1–14.

The court has considered Thorne's exposure to COVID-19, his age, his race, his medical conditions, his rehabilitation efforts, his appalling disciplinary record, that he has served over six years of his sentence, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 2021 WL 1823289, at *4–7; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Thorne's serious misconduct in prison, Thorne's arguments, the government's persuasive response, and the need to punish Thorne for his serious criminal behavior, to incapacitate Thorne, to promote respect for the law, to deter others, and to protect society, the court declines to grant Thorne's motion for

7

compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES Thorne's motion for compassionate release [D.E. 113, 117].

SO ORDERED. This 20 day of May 2021.

JAMES C. DEVER III
United States District Judge